IT IS SO ORDERED.

SIGNED THIS: February 14, 2020

_____
**Mary P. Gorman
United States Bankruptcy Judge**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| Harvey Meister, | ) | Case 19-71472 |
| | ) | |
| Debtor. | ) | |

### ORDER

This cause coming to be heard on February 11, 2020 (the "Hearing), in the above captioned case (the "Case") of Debtor Harvey Meister (the "Debtor) on the <u>Emergency Motion of Citizens Bank of Chatsworth for (I) a Finding That the Automatic Stay Terminated as a Matter of Law on December 18, 2019, or (II) Clarification of Court's Verbal Business Cessation Order</u> (the "Motion"), filed by Citizens Bank of Chatsworth (the "Bank"); the Motion having requested among other things (the "Other Requested Relief"), a finding that, under section 362(h)(1) of the Bankruptcy Code, (i) the automatic stay imposed by section 362(a) of the Bankruptcy Code terminated on December 18, 2019, as to the Bank Assets (as defined and described in the Motion), and (ii) the Bank Assets are no longer property of the Debtor's bankruptcy estate (collectively, the "Requested Section 362(h) Relief"); notice of the Motion

having been served on all parties entitled thereto; no objection to the Requested Section 362(h) Relief having been filed or a raised at the Hearing, except that the Chapter 7 Trustee noted on the record, and the Bank agreed, that the Requested Section 362(h) Relief would not apply to any certificated vehicle that the Debtor owned on the Petition Date or currently owns (the "Vehicles") because the Bank has presented no evidence that it possessed or possesses a valid and perfected security interest or lien on any Vehicle; capitalized terms not otherwise defined in this Order having the meanings ascribed to them in the Motion; and the Court being fully advised in the premises:

IT IS HEREBY ORDERED:

1. The Motion is granted as to the Requested Section 362(h) Relief, but denied as to Other Requested Relief because such Other Requested Relief either (a) would require an advisory opinion by the Court, or (b) has been rendered moot by the granting of the Requested Section 362(h) Relief.

2. On December 18, 2019, the automatic stay terminated by operation of law with respect to the Bank Assets in accordance with section 362(h)(1) of the Bankruptcy Code on account of (a) the Debtor's failure to perform his duties under section 521(a)(2)(B) within 30 days of the date first set for the section 341 meeting of creditors (i.e., November 18, 2019), and (b) no party in interest has presented any evidence that circumstances exist that would have prevented the relief provided by section 362(h)(1) from taking effect on December 18, 2019.

3. For the same reasons that the automatic stay was lifted as to the Bank Assets as of December 18, 2019, the Bank Assets were no longer property of the Debtor's bankruptcy estate on and after that date.

4. Anything in this Order to the contrary notwithstanding, (a) the relief granted by this Order as to the Bank Assets shall not include any Vehicle, and (b) although the Trustee has not avoided the Bank's security interest in or lien on any Vehicle as to which the Bank may possess a security interest or lien, the Trustee may deal with the Vehicles as if he had avoided any such security interest or lien unless the Bank affirmatively objects to his doing so by demonstrating by a preponderance of the evidence that the Bank possessed a valid and perfected security interest in or lien on a specific Vehicle as of the Petition Date.

###