# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement," or the "Agreement") is made and entered into by and between JEFFREY D. RICHARDSON, Chapter 7 Trustee, and CITIZENS BANK OF CHATSWORTH

## RECITALS

A.  Harvey Meister (hereinafter also referred to as the "Debtor") filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code on October 9, 2019.

B.  The bankruptcy case was filed in the United States Bankruptcy Court for the Central District of Illinois as Case No. 19-71472.

C.  The Debtor did business in the Bloomington, Illinois area as a sole proprietorship using the name "GDS Professional Business Displays".

D.  Jeffrey D. Richardson (hereinafter also referred to as the "Trustee") was appointed and continues to serve as the Debtor's Chapter 7 bankruptcy Trustee.

E.  Citizens Bank of Chatsworth (hereinafter also referred to as "Citizens Bank," and together with the Trustee, the "Parties") is the principal secured creditor of the Debtor in the bankruptcy case.

F.  Citizens Bank claims blanket security in the Debtor's business assets to secure its loan to the Debtor.

G.  As of the date the bankruptcy was filed the Debtor owed Citizens Bank a total of approximately $860,000.00 on four loans.

H.  After filing his Petition, the Debtor continued to operate his business in Bloomington and in the process used pre-petition accounts receivable and spent those funds primarily to operate the business. During the course of the bankruptcy the Trustee began and

continues to pursue adversary proceedings against the Debtor's creditors to recover claimed preferences under 11 U.S.C. §547 and claimed unauthorized post-petition transfers to creditors under 11 U.S.C. §549 (collectively, the "Transfers").

I. A dispute has arisen between the Trustee and Citizens Bank as to whether the funds which the Trustee seeks to recover from the creditors as pre-petition preferences and unauthorized post-petition transfers are subject to Citizens Bank's liens and whether the Trustee is authorized to effect settlements with those creditors free and clear of any separate right Citizens Bank may have to pursue those creditors to recover the same Transfers.

J. The Trustee and Citizens Bank have exchanged information concerning their respective claims and have reached a settlement which is set forth in this agreement.

NOW THEREFORE in consideration of the mutual promises and covenants herein contained, the parties agree as follows:

1.0 <u>Settlement Amount</u>. Subject to the approval of the Bankruptcy Court in the Debtor's bankruptcy case, the Trustee agrees to pay Citizens Bank the sum of $15,000.00 (hereinafter also referred to as the "Settlement Payment") for settlement of all claims which Citizens Bank has or may have against any the Trustee, the bankruptcy estate, or any creditor of the Debtor related to pre-petition or post-petition payments made by or on behalf of the Debtor to the creditor. The Settlement Payment shall be remitted payable to Citizens Bank and sent to the Citizens Bank's attorney, Jonathan Backman within 14 days of the entry of any Order of the Court approving the terms of this Settlement Agreement.

2.0 <u>Release</u>. In consideration and upon receipt of the Settlement Payment referred to in Paragraph 1.0 Citizens Bank for itself and its successors and assigns does hereby remise, release

and forever discharge the Trustee, the bankruptcy estate of the Debtor, any creditor of the Debtor and their respective agents, attorneys, successors, principals, assigns, officers, employees, directors and stockholders, of and from all manner of actions, causes and causes of action, suits, debts, sums of money, accounts, reckonings, controversies, agreements, promises, trespasses, damages, judgments, executions, claims and demands, whatsoever, at law or in equity, which Citizens Bank has or may have, has ever had, now has, or may have in the future in any way related to payments made by or on behalf of the Debtor within 90 days of the filing of the Debtor's Bankruptcy Petition or at any time thereafter. Likewise, in consideration for Citizen Bank's releases and waivers as set forth in this Agreement, the Trustee, for himself and the bankruptcy estate, does hereby remise, release and forever discharge Citizens Bank, its agents, attorneys, successors, principals, assigns, officers, employees, directors and stockholders, of and from all manner of actions, causes and causes of action, suits, debts, sums of money, accounts, reckonings, controversies, agreements, promises, trespasses, damages, judgments, executions, claims and demands, whatsoever, at law or in equity, which the Trustee or the bankruptcy estate has or may have, has ever had, now has, or may have in the future in any way related to the Transfers.

3.0 <u>Negative Covenant</u>. In addition to and in conjunction with the release set forth in paragraph 2.0, Citizens Bank agrees and covenants that it will not make any claim, demand or file any lawsuit against any creditor released in paragraph 2.0 with respect to payments made by or on behalf of the Debtor within 90 days of the Debtor's filing his bankruptcy petition or at any time thereafter.

4.0     Bankruptcy Court Approval.  The Parties agree that the provisions of this Settlement Agreement and the right to enforce this Settlement Agreement are subject to the approval of the United States Bankruptcy Court for the Central District of Illinois in Case No. 19-71472; provided, however, that the trustee covenants to use reasonable efforts to obtain such approval as soon as reasonably practicable.  This Agreement will become effective on the date on which the Court enters an order approving the agreement (the "Effective Date").

5.0     Withdrawal of Objection to Motion to Compromise Adversary Case No. 20-070017.  As part of this Settlement Agreement, Citizens Bank shall withdraw its Objection to the Trustee's Motion to Compromise filed September 2, 2020 (Doc. 184) and shall be barred from reinstating such objection and from objecting to any other compromise that the Trustee may reach with any party relating to one or more of the Transfers; provided, however, that the bar effected by this section of the Agreement shall not preclude Citizens Bank from objecting to a settlement or compromise on the grounds that the Trustee is not receiving sufficient consideration for its release of a filed or potential avoidance action with respect to one or more Transfers.

6.0     No Admission of Liability.  This Agreement and any payment made pursuant to this Agreement do not constitute and are not to be considered or construed as an admission of liability by the Trustee or Citizens Bank.

6.5     No Waiver of Right to Share in Estate Distributions.  This Agreement shall not operate in any way to prevent or bar Citizens Bank from sharing pro rata, with other timely filed allowed general unsecured claims, based on the value of its deficiency claim (if any), in the Trustee's recoveries of avoided pre-petition and post-petition transfers (or other unencumbered

funds or assets recovered), to the extent that Citizen Bank's claim is allowed as a timely filed general unsecured claim.

7.0 **Miscellaneous:**

7.1 **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement. However, this Agreement shall not be effective unless and until signed by all the Parties.

7.2 **Further Acts.** Each party agrees to perform any further acts and to execute and deliver any instruments or documents that may be necessary or reasonably deemed advisable to carry out the purposes of this Agreement.

7.3 **Severability.** If any part of this Agreement shall be held void, voidable or otherwise unenforceable by any court of law or equity, such determination shall not limit the enforceability of any other part.

7.4 **Successors and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, successors-in-title, and lawful assigns.

7.5 **Effect of Agreement.** Except as may be otherwise expressly provided in this Agreement, nothing contained herein, express or implied, is intended to, nor shall it confer on any person other than the parties hereto and their respective heirs, successors or assigns, any rights, remedies, obligations or liabilities under or by reason of this Agreement.

7.6     Applicable Law.  This Agreement shall be construed in accordance with the laws of the State of Illinois.

7.7     Authority.  The undersigned represent and warrant that they are duly authorized to execute this Agreement and possess the requisite authority to bind the parties to this Agreement.

7.8     Construction.  The agreements contained herein shall not be construed in favor of or against any party but shall be construed as if all parties prepared this Agreement.

7.9     Captions.  Titles or captions of sections contained in this Agreement are inserted only as a matter of convenience and for reference and in no way define, limit, extend to prescribe the scope of this Agreement or intent of any provision.

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement on the date set forth opposite their respective signatures.

Dated: *October 6*, 2020.      *[signature]*
JEFFREY D. RICHARDSON, Chapter 7 Trustee

CITIZENS BANK OF CHATSWORTH,

Dated *October 2*, 2020.      By *[signature]*
Its *President/CEO*